UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| CLARENCE DENNIS DEES, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 2:20-cv-1326-LSC-GMB |
| ) | |
| LAMAR, *et al.*, ) | |
| ) | |
| Defendants. ) | |

### **MEMORANDUM OPINION**

On March 4, 2021, the Magistrate Judge recommended the dismissal of this action without prejudice pursuant to 28 U.S.C. § 1915A for failing to state a claim upon which relief may be granted. Doc. 10. The Magistrate Judge advised Plaintiff Clarence Dennis Dees of his right to file specific written objections within 14 days. Doc. 10 at 35–36. After the Magistrate Judge granted Dees' motion for an extension of this deadline, he filed timely objections. Docs. 11–13.

In objecting to the recommendation, Dees asserts that his claims are not frivolous or malicious, notes that stress is the leading cause of death for individuals with human immunodeficiency virus ("HIV"), and alleges that the incidents described in his amended complaint have been stressful. Doc. 13 at 1. Dees also recounts the factual basis for his claims against each of the defendants. Doc. 13 at 4–13. For the reasons set forth below, the court finds no merit in Dees' objections.

First, in his amended complaint, Dees did not allege any defendant provided him improper medical care for HIV. Rather, his only medical allegations related to his failure to receive one dose of medication, his treatment when he became dizzy due to fluctuations in blood pressure, and his care after using heroin. Doc. 9 at 10, 16 & 17. On this record, Dees' complaint does not include facts supporting a claim for deliberate indifference to medical needs.

Moreover, while Dees restates the factual basis for his claims against each of the defendants, he does not claim that the Magistrate Judge misunderstood or misconstrued his factual allegations. Instead, he asserts only that his amended complaint sets forth sufficient facts to raise his claims above the speculative level. Doc. 13 at 2. Under 28 U.S.C. § 1915A, the district court must review a prisoner's § 1983 complaint, identify cognizable claims, and dismiss any portion of the complaint that fails to state a claim upon which relief can be granted. *Dollar v. Coweta County Sheriff*, 446 F. App'x 248, 250 (11th Cir. 2011) (citing 28 U.S.C. § 1915A). This review requires the court to consider whether the facts stated in the plaintiff's complaint, taken as true and construed in the light most favorable to the plaintiff, state a cause of action upon which relief may be granted. *McKissick v. Comm'r, Ga. Dep't of Corrs.*, 587 F. App'x 567, 573 (11th Cir. 2014) (citing *Timson v. Sampson*, 518 F.3d 870, 872 (11th Cir. 2008)). But Dees still must allege conduct taken under color of state law that violated his rights under the Constitution or laws

of the United States. *See, e.g., Griffin v. City of Opa-Locka*, 261 F.3d 1295, 1303 (11th Cir. 2001); *Pounds v. Dieguez*, 2021 WL 1292286, *1 (11th Cir. Apr. 7, 2021) ("[C]onclusory allegations, unwarranted deductions of facts or legal conclusions masquerading as facts will not prevent dismissal."). Here, although Dees describes conduct by the defendants that he may perceive to be unfair, the Magistrate Judge considered the entirety of Dees' allegations and found that he did not allege conduct that would amount to a constitutional violation if proven. Nothing in Dees' objections calls this conclusion into question. The recommendation is due to be adopted.

Dees has filed two additional motions since the Magistrate Judge issued his report and recommendation. The first is a Motion to Add Defendants and Reliefs (Doc. 14), which seeks leave to add claims against (1) the prison officials involved in Dees' transfer from Bibb Correctional Facility to Donaldson Correctional Facility for four days in June 2020, and (2) the prison official who completed Dees' *in forma pauperis* paperwork for a previous claim he filed against Elmore Correctional Facility. Doc. 14 at 1–3. The operative complaint alleges facts relating to Dees' transfer to Donaldson in June 2020, *see* Doc. 9 at 13, and the Magistrate Judge assumed the veracity of these allegations for purposes of his § 1915A review. Any claims relating to the transfer to Donaldson are due for dismissal, and therefore the addition of other defendants who played some role in this transfer would be futile.

3

Moreover, Dees' attempt to state additional claims arising from his incarceration at Elmore Correctional Facility has no connection to the instant action and must be pursued as a separate action.  For those reasons, it is ORDERED that the plaintiff's Motion to Add Defendants and Reliefs (Doc. 14) is DENIED.

The second pending motion seeks the appointment of counsel to assist Dees in prosecuting this action. Doc 15.  Because Dees' claims are due to be dismissed for failure to state a claim upon which relief may be granted, it is ORDERED that his motion for appointment of counsel (Doc. 15) is MOOT.

Having carefully reviewed and considered *de novo* all the materials in the court file, including the report and recommendation and the plaintiff's objections, the court finds the plaintiff's objections are due to be OVERRULED.  The Magistrate Judge's report is due to be ADOPTED and the recommendation is ACCEPTED.  Therefore, this action shall be DISMISSED WITHOUT PREJUDICE pursuant to 28 U.S.C. § 1915A for failing to state a claim upon which relief may be granted.

A Final Judgment will be entered.

**DONE** and **ORDERED** on April 28, 2021.

_____
L. Scott Coogler
United States District Judge

160704